UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SIMON LOK,

Plaintiff,

-against-

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant.

25-MC-159 (JGLC)

**<u>OPINION AND ORDER</u>**

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff Simon Lok filed this case against Defendant Experian Information Solutions, Inc., seeking to modify an arbitration award he received. ECF No. 1. Defendant, however, contends that the Court lacks subject matter jurisdiction over this newly-filed action and argues that there is no basis to modify the award. The Court agrees as to both arguments. For the reasons that follow, the Court denies Plaintiff's motion and dismisses this case.

## BACKGROUND

This dispute is no stranger to court proceedings. In December 2020, Plaintiff Simon Lok ("Plaintiff") filed a claim in New York state court against Defendant Experian Information Solutions ("Defendant"), alleging a violation of the Fair Credit Reporting Act ("FCRA") and New York General Business Law ("NY GBL"). ECF No. 2 ("Mot. to Mod. Award") at 2; *see also Lok v. Experian Info. Solutions, Inc.*, No. 036086/2020 (Rockland County Supreme Court Dec. 17, 2020). Plaintiff alleged that Defendant—a consumer reporting agency—generated an incorrect credit report for Plaintiff. *See* Complaint ¶¶ 5, 9–10, 14, *Lok v. Experian Info. Solutions, Inc.*, No. 21-CV-154 (NSR) (S.D.N.Y. Jan. 8, 2021) ("Lok I"), ECF No. 5-2. Defendant then removed the case to this District in front of a different judge. Notice of Removal, Lok I, ECF No. 5 (Jan. 12, 2021). In April 2021, Defendant moved to compel arbitration

pursuant to 9 U.S.C. § 4. Motion to Compel Arbitration, Lok I, ECF No. 14 (Apr. 19, 2021). The Lok I court granted Defendant's motion to compel arbitration in March 2022 and stayed the case pending arbitration. Opinion & Order at 5, Lok I, ECF No. 26 (Mar. 25, 2022). In the order, the parties were "directed to promptly pursue arbitration and to notify the Court when the arbitration is concluded." *Id.*

More than two years passed with no filings in Lok I. On May 10, 2024, the court issued an order directing Plaintiff to show cause as to why his claims against Defendant should not be dismissed for failure to prosecute. *See* Order, Lok I, ECF No. 27 (May 10, 2024). Plaintiff failed to respond. Accordingly, the court dismissed Lok I without prejudice under Federal Rule of Civil Procedure 41(b). *See* Order, Lok I, ECF No. 28 (June 10, 2024).

On May 17, 2024, the parties attended arbitration. ECF 2-2 ("Arbitr. Award") at 2. In a July 2024 ruling, the arbitrator found that Defendant had committed a "willful violation of the FCRA" and awarded Plaintiff $1,000 in statutory damages and $37,422 in attorneys' fees and costs. *Id.* at 4. However, the arbitrator declined to award the other categories of relief Plaintiff sought in arbitration, including emotional distress damages and actual damages. *Id.* at 2. The arbitrator also did not award, or even discuss in the ruling, punitive damages, which Plaintiff also sought. *See id.* at 2; Mot. to Mod. Award at 9–10.

Plaintiff brought this action on April 11, 2025, to challenge the damages award rendered by the arbitrator. ECF No. 1. In opposition, Defendant argues that the petition should be dismissed on the merits and that the Court lacks subject-matter jurisdiction over the action. ECF No. 14 ("Opp.").

2

## DISCUSSION

The Court likely lacks subject matter jurisdiction to decide this case, but assuming without deciding it has subject matter jurisdiction, Plaintiff's arguments also fail on the merits. The Court addresses each point in turn.

### I.      The Court Appears to Lack Subject Matter Jurisdiction Over Plaintiff's New Action

Plaintiff claims that the Court has subject matter jurisdiction under Section 3 of the Federal Arbitration Act ("FAA") for his new action to challenge the arbitration award, which Defendant disputes.[1] ECF No. 11; Opp. at 1. This provision directs courts to stay trial in an action that has been compelled to arbitration. *See* 9 U.S.C. § 3 ("[T]he court in which such suit is pending . . . shall on application of one of the parties stay the trial of the action . . . , providing the applicant for the stay is not in default . . . ."). The Supreme Court has previously found that a "court with the power to stay the action under § 3 has the further power to confirm any ensuing arbitration award." *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 202 (2000); *see also Jules v. Andre Balazs Props.*, 146 S. Ct. 1209, 1223 (2026) ("A federal court with jurisdiction to stay claims pending arbitration under § 3 of the FAA has the same jurisdiction to resolve motions to confirm or vacate a resulting arbitral award."). The purpose of Section 3, as the Supreme Court determined, is to ensure that parties can return to court "if arbitration breaks down or fails to resolve the dispute." *Smith v. Spizzirri*, 601 U.S. 472, 477 (2024). However, "[t]hat return ticket is not available if the court dismisses the suit rather than staying it." *Id.*

---

[1] This is the sole basis Plaintiff cites for subject matter jurisdiction. Plaintiff explicitly states that this action is not brought under Sections 10 or 11 of the FAA. Mot. to Mod. Award at 5 n.1. However, it appears plausible that diversity jurisdiction exists in this action. For this reason, the Court addresses the merits of the parties' dispute below.

Here, Plaintiff relinquished his return ticket. The court in Lok I stayed the action, giving Plaintiff an avenue to return to federal court to address any disputes that remain with respect to the arbitration. Plaintiff, however, failed to respond to court orders, resulting in the action being dismissed without prejudice and no longer stayed. Instead of returning to that action to reopen Lok I, Plaintiff filed a new action with no separate basis for subject matter jurisdiction. *Smith* does not suggest that the Court has jurisdiction under this circumstance, when the case was dismissed for reasons unrelated to the parties being compelled to arbitration and the action was not stayed. And, Plaintiff cites no case law to support his interpretation to the contrary or any other case law demonstrating that the Court has subject matter jurisdiction over Plaintiff's newly-filed action.[2]

## II.    Even If the Court Had Jurisdiction, Plaintiff's Claims Fail as a Matter of Law

Notwithstanding the determination that the Court likely lacks subject matter jurisdiction here, the Court briefly reviews the merits of Plaintiff's claims. Plaintiff does not seek to modify or vacate the award under Sections 10 or 11 of the FAA. Mot. to Mod. Award at 5 n.1. Rather, Plaintiff makes two arguments that he claims provide a basis to modify the award. First, Plaintiff argues that the parties' arbitration agreement itself allows for the vacatur or correction of any of the arbitrator's errors of law or legal reasoning. *Id.* at 4–5. Second, Plaintiff maintains that the arbitrator's award was a "manifest disregard" of the law—a standard provided under Second

---

[2] Although not raised by Plaintiff, the Court similarly sees no basis on which Plaintiff could maintain subject matter jurisdiction under Sections 10 or 11 of the FAA unless diversity jurisdiction exists, which the parties did not brief. *See Badgerow v. Walters*, 142 S. Ct. 1310, 1314, 1316 (2022) (requiring that a Section 9 or Section 10 application find an "independent jurisdictional basis" wherein "federal law (beyond Section 9 or 10 itself) entitles the applicant to relief"). Nor can jurisdiction be established with a renewed action under Section 4 of the FAA, because arbitration has already taken place and concluded.

Circuit case law—and therefore can be modified on that basis. *Id.* Neither of these arguments has merit.

### A.  Plaintiff's Contract Claim Fails

Plaintiff argues that "the Arbitration Agreement between the parties allows for the vacation or correction of errors of law or legal reasoning, a lower standard." Mot. to Mod. Award at 5. However, this argument is foreclosed by the Supreme Court's decision in *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008). In *Mattel*, the Court concluded that the statutory grounds under the FAA for vacatur and modification of an arbitration award are exclusive and cannot be supplemented by the parties through contract. *Id.* at 578. Plaintiff failed to explain why *Mattel* does not apply here or even to address the argument at all in his reply. *See* ECF No. 18 ("Reply"); *Jackson v. Fed. Exp.*, 766 F.3d 189, 196 (2d Cir. 2014) ("[A] partial opposition may imply an abandonment of some claims or defenses."). Based on clear Supreme Court precedent, Plaintiff's argument fails, and the contract does not provide a basis for vacating the award.

### B.  Plaintiff's Manifest Disregard Claim Fails

Plaintiff brings an independent claim for manifest disregard—allegedly apart from any claim under the FAA—that lacks precedent in this District. The Supreme Court has "declined to decide whether the manifest disregard standard 'survives . . . as an independent ground for review or as a judicial gloss on the enumerated grounds for vacatur set forth at 9 U.S.C. § 10.'" *Schwartz v. Merrill Lynch & Co.*, 665 F.3d 444, 451–52 (2d Cir. 2011) (quoting *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 672 n.3 (2010)). The Second Circuit, however, *has* decided. In this Circuit, manifest disregard is a "judicial gloss on the specific grounds for vacatur of arbitration awards in the FAA." *Seneca Nation of Indians v. New York*, 988 F.3d 618, 625 (2d Cir. 2021) (citing *Schwartz*, 665 F.3d at 451–52) (cleaned up). In its own review, the

Court found no court in this District that has granted relief on a manifest disregard claim brought independent of the FAA—nor did Plaintiff cite to any such cases. Indeed, many cases examine manifest disregard when making a decision between confirming or vacating an award. *See, e.g.*, *Caremark, L.L.C. v. New York Cancer & Blood Specialists*, 740 F. Supp. 3d 340, 347, 357–58 (S.D.N.Y. 2024). Accordingly, the Court finds no basis to consider manifest disregard as a standalone claim.

Nonetheless, the Court briefly reviews the merits. "A litigant seeking to vacate an arbitration award based on alleged manifest disregard of the law bears a heavy burden, as awards are vacated on grounds of manifest disregard only in those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent." *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010) (cleaned up). Vacatur under the manifest disregard standard requires "more than error or misunderstanding with respect to the law, or an arguable difference regarding the meaning or applicability of laws urged upon an arbitrator." *Id.* (cleaned up). Indeed, this Court can disagree with the merits of the arbitrator's decision and still not vacate, provided that there is "a *barely colorable justification* for the outcome reached." *Id.* (quoting *Wallace v. Buttar*, 378 F.3d 182, 190 (2d Cir. 2004)).

To meet this standard, Plaintiff must satisfy both subjective and objective elements to demonstrate manifest disregard. First, the Court must find that "the arbitrators knew of the relevant legal principle, appreciated that this principle controlled the outcome of the disputed issue, and nonetheless willfully flouted the governing law by refusing to apply it." *Seneca Nation*, 988 F.3d at 626 (quoting *Schwartz*, 665 F.3d at 452)). And second, the Court must find "that the disregarded legal principle was [objectively] 'well defined, explicit, and clearly

applicable.'" *Id.* (quoting *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 209 (2d Cir. 2002) (internal quotation marks omitted)).

Plaintiff contends that the arbitrator manifestly disregarded the law on three grounds: first, by "requiring corroboration of emotional damages;" second, by "refus[ing]" to quantify actual damages stemming from Plaintiff's credit card denials and decision not to apply for a mortgage; and third, by "fail[ing] to make any finding or determination of punitive damages." Mot. to Mod. Award at 5–10.

First, the Court rejects Plaintiff's contention that the arbitrator relied on a categorical principal that all emotional damages require corroboration. The arbitrator found that Plaintiff's evidence of emotional distress damages was "inadequate" because he did not offer "any credible corroborating evidence to support an award of emotional distress damages." Arbitr. Award ¶ 8(b). In reaching his decision, the arbitrator cited *Sarver v. Experian Information Solutions*, 390 F. 3d 969, 971 (7th Cir. 2004). *Id. Sarver* found that when "the injured party's own testimony is the only proof of emotional damages, he must explain the circumstances of his injury in reasonable detail; he cannot rely on mere conclusory statements." 390 F.3d at 971 (citation omitted). Nothing in the arbitrator's decision indicates that he "willfully flouted" this principle that certain testimony (on its own) can establish emotional damages. *Seneca Nation*, 988 F.3d at 626. Rather, it appears that the arbitrator understood that individual testimony could suffice under certain circumstances and found that Plaintiff did not meet those circumstances.

Plaintiff's own case citations support the *Sarver* principle that the arbitrator applied. Indeed, Plaintiff's first case cite explains that "[a] plaintiff's emotional damages must . . . be demonstrable" and that a plaintiff who relies "on their own testimony must explain their injury in reasonable detail and not rely on conclusory statements." *Wenning v. On-Site Manager, Inc.*, No.

14-CV-9693 (PAE), 2016 WL 3538379, at *20 (S.D.N.Y. June 22, 2016) (cleaned up); *see also* Mot. to Mod. Award at 5. Accordingly, the Court finds that arbitrator knew of the relevant legal principle, appreciated its relevance, and applied it to the case in front of him.

Second, the arbitrator's decision not to award actual damages did not manifestly disregard the law. The arbitrator found two bases for not awarding actual damages—Plaintiff's failure to submit "sufficient proof he incurred actual damages *in any amount*" and his failure to submit "proof to quantify his alleged actual damages with any degree of certainty." Arbitr. Award ¶ 8(c) (emphasis added). Plaintiff only substantively disputes the latter under the manifest disregard standard. Plaintiff argues that his "only burden is to establish the *fact* of damages, not the amount." Mot. to Mod. Award at 8. The arbitrator, Plaintiff claims without citation, "recognized" that Mr. Lok had actual damages. *Id.*; *see also* Reply at 3 ("[E]ven the Arbitrator accepted the fact of credit damages."). However, the arbitrator's decision only states: "Claimant *argues that* . . . those denials [of Chase credit cards] amount to actual damages." Arbitr. Award ¶ 8(e) (emphasis added). Contrary to Plaintiff's argument, the arbitrator found that Plaintiff did not establish the fact of actual damages, Arbitr. Award ¶ 8(a), and Plaintiff's arguments that actual damages were in fact established through credit card denials and a decision not to apply for a mortgage are unavailing. This finding alone is sufficient to reject Plaintiff's argument. Plaintiff does not actually dispute that the arbitrator ignored or misapplied a legal principle, and instead only takes issue with the facts. *See Wallace*, 378 F.3d at 193 (holding that "the Second Circuit does not recognize manifest disregard of the evidence as proper grounds for vacating an arbitrator's award" and that district courts "may not conduct a reassessment of the evidentiary record").

Plaintiff's argument about quantifying actual damages also fails. Plaintiff's briefing focuses on his contention that "the [a]rbitrator refused to award any damages under the mistaken belief that it was Plaintiff's burden to quantify these credit damages." Mot. to Mod. Award at 7. However, the arbitrator found that Plaintiff did not provide "any additional information that would support a rational quantification of actual damages." Arbitr. Award ¶ 8(e). The arbitrator's reasoning does not "refus[e] to apply" the legal principles enunciated in Plaintiff's cited cases. *Seneca Nation*, 988 F.3d at 626. Plaintiff's cases state that "[p]laintiffs bear the burden of proving damages with reasonable certainty" and also require plaintiffs to "show[] that their claimed damages are the certain result of the wrong." *State v. United Parcel Serv., Inc.*, 253 F. Supp. 3d 583, 687 (S.D.N.Y. 2017), *aff'd*, 942 F.3d 554 (2d Cir. 2019) (cleaned up); *see also* Mot. to Mod. Award at 7–8 (citing *id.* at 696–97). These cases acknowledge that "some uncertainty may be tolerated" in calculating damages where the uncertainty "*is caused by the defendant's own wrongful act*." *State*, 253 F. Supp. 3d at 687 (cleaned up) (emphasis added). But Plaintiff does not point to anything in the record—or even in the instant briefing—suggesting uncertainty was caused by Defendant's wrongful act, or that the arbitrator was aware of the principle and refused to apply it. Similarly, Plaintiff points to no case law that suggests that the arbitrator was required to estimate damages where no reasonable estimate was available. *Cf.* Mot. to Mod. Award at 7 (quoting *International Union of Electrical & Machine Workers v. General Electric Co.*, 337 F. Supp. 817, 823 (S.D.N.Y. 1972), to assert that a fact finder "may" make a reasonable estimate of damages where no fixed amount is available). Thus, Plaintiff does not point to any clear legal principle that the arbitrator flouted, and the Court finds no basis for vacatur here.

Third, Plaintiff provides no supported legal principle requiring a punitive damages finding—much less any indication that the arbitrator knew of such a principle—and thus Plaintiff's manifest disregard claim fails on this ground, too. Plaintiff contends that the arbitrator was required to make a finding on punitive damages because "it was requested by Plaintiff in briefing" and the statute authorizes punitive damages. Mot. to Mod. Award at 10. The Court finds no basis in the FCRA or in the only case cited by Plaintiff, *Jeffers v. First National Bank of Omaha*, to require an on-the-record evaluation of punitive damages. The FCRA indicates that a defendant is liable for punitive damages "as the court may allow." 15 U.S.C. § 1681n(a)(2). Moreover, the arbitrator's citation of *Jeffers* suggests he was aware that "[p]unitive damages . . . may be available even where a plaintiff has sustained no actual damages." *Jeffers v. First Nat'l Bank of Omaha*, 679 F. Supp. 3d 757, 767 (C.D. Ill. 2023); *see also* Arbitr. Award ¶ 9 (*citing id.*). Accordingly, the Court rejects Plaintiff's unsupported contention that "an award of punitive damages is mandatory," Reply at 5, and finds that the arbitrator did not manifestly disregard any law by omitting a discussion of punitive damages from the award.

## CONCLUSION

Based on the foregoing, Plaintiff's request to modify the arbitration award is meritless. Accordingly, the Court denies Plaintiff's motion and terminates this action with prejudice. The Clerk of Court is directed to terminate ECF No. 2 and close the case.

Dated: June 11, 2026
      White Plains, New York

                           SO ORDERED.

                           *Jessica Clarke*

                           JESSICA G. L. CLARKE
                           United States District Judge